IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>JOSEPH LEE DONEY,<br><br>Defendant/Movant. | Cause No. CR 22-146-BLG-SPW<br>CV 25-67-BLG-SPW<br><br>ORDER |

This case comes before the Court on Defendant/Movant Joseph Lee Doney's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Doney is a federal prisoner proceeding pro se.

Doney is presently serving a 130-month sentence with the Bureau of Prisons for being a Prohibited Person in Possession of a Firearm and Ammunition (Count 1) and Possession of a Stolen Firearm (Count 2). Judgment was entered on September 5, 2023. (Doc. 42.)

Section 2255 allows a federal prisoner to challenge imposition or length of his incarceration on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a). Relief under §2255 is afforded "[i]f the court finds that ...there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. §2255(b).

**Background**

On December 22, 2022, the grand jury charged Doney by Indictment to being a prohibited person in possession of a firearm and ammunition, in violation of 18 U.S.C. §922(g)(1) (Count 1), possession of a stolen firearm, in violation of 18 U.S.C. §922(j) (Count 2), and possession of body armor by a violent felon, in violation of 18 U.S.C. §931(a)(2) (Count 3). *See*, Indictment (Doc. 2). On April 20, 2023, Doney pled guilty, without a plea agreement, to Counts 1 and 2. *See*, Min. (Doc. 25.) On September 5, 2023, Doney was sentenced to the Bureau of Prisons for 130 months on Count 1 and 120 months on Count 2, with the sentences to run concurrently. *See*, Judg. (Doc. 42.) The sentences were also ordered concurrent to Doney's pending state matters. *Id.* Doney was represented by Steven Babcock ("Babcock") throughout these proceedings.

Doney timely filed a notice of appeal. (Doc. 45.) On appeal, Doney argued his sentence was substantively unreasonable because this Court placed too much weight on his criminal history and discounted the severity of his addiction issues. The Ninth Circuit found there was no abuse of discretion and that his low-end

guideline sentence was reasonable in light of the factors outlined at 18 U.S.C. § 3553(a), coupled with the totality of the circumstances. *See*, Mem. (Doc. 49), *United States v. Doney*, No. 23-2211 (9th Cir. June 5, 2024).

Doney then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging that counsel provided ineffective assistance of counsel and that he received an unlawful "hidden enhancement" under § 2K2.1(b)(6)(B) of the United States Sentencing Guidelines ("USSG").[1] (Doc. 53 at 3-4.) Babcock was directed to respond to the ineffective assistance of counsel claim and complied. *See e.g.*, (Docs. 56 & 58.) Doney was directed to show cause as to why his challenge to the sentencing guideline calculation should not be dismissed as procedurally defaulted. (Doc. 60.) Doney timely responded. (Doc. 61.) Accordingly, this matter is ripe for adjudication.

**Analysis**

A defendant is entitled to effective assistance of counsel at all "critical stages" of the criminal process, including trial, sentencing, and direct appeal. *United States v. Leonti*, 326 F.3d 1111, 1116–17 (9th Cir. 2003). To challenge a sentence on grounds of ineffective assistance of counsel, a petitioner must show

---

[1] Doney was sentenced in 2023. The PSR-writer utilized the 2021 Guidelines Manual. *See*, (Doc. 44 at 8, ¶ 16.) Throughout this Order, reference is made to USSG § 2K2.1(b)(6)(B) as the relevant Guideline provision. The Court notes, however, that this section was moved to § 2K2.1(b)(7)(B) in the 2025 Guidelines. No substantive changes were made to the guideline itself, or to the application notes. *See e.g.*, *U.S. v. Yates*, 182 F.4th 1157, 1161 (9th Cir. 2026).

that: (1) counsel's performance was deficient, and (2) the deficiency prejudiced his defense. *See, Strickland v. Washington*, 466 U. S. 668 (1984). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F. 2d 1156, 1161 (9th Cir. 1989).

To establish deficient performance, a petitioner must show that counsel's actions "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. This may be shown where "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" or "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 686-97. There is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id.* at 689. This is so because for the defendant, "[i]t is all too tempting…to second-guess counsel's assistance after conviction or adverse sentence…" *Id.*

To establish prejudice, a petitioner must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. This standard is "highly demanding." *Kimmelman v. Morrison*, 477 U.S. 365, 381-82 (1986). In assessing whether the result would have been different, the Court should consider "the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695.

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F. 3d 1053, 1056 (9th Cir. 2005)(*quoting Strickland*, 466 U.S. at 687)(alterations in original). A court may consider the performance and prejudice components of the *Strickland* test in either order because both must be met. *See Strickland*, 466 U.S. at 697.

Doney contends generally that Babcock provided ineffective assistance by advising him to plead guilty to two of the counts contained within the Indictment without the benefit of a written plea agreement. (Doc. 53 at 3.) Doney believes that without such a written agreement, he was subject to "hidden" enhancements. The "hidden enhancement" referenced by Doney relates to USSG § 2K2.1(b)(6)(B). This Guideline provision provides for a four-level sentencing enhancement when the defendant "[u]sed or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B).

Doney suggests that had he waited to see what the government would offer, there was a reasonable probability that the result of his proceedings would have been different. (*Id.*) The Court takes this to mean that Doney believes he would have received a less onerous sentence had he entered into a written plea agreement.

In response, Babcock explains that an overriding concern during his

representation of Doney was that Doney had an extensive criminal history and the government had noticed him as an Armed Career Criminal. (Doc. 58 at 2.) Babcock relates that he spent significant time on the armed career criminal issue and kept Doney appraised of all developments in the case. Babcock engaged in negotiations with the government, during which the Government agreed to withdraw its intention of seeking the 15-year mandatory minimum sentence, pursuant to the armed criminal provision. (*Id.* at 3.) This information was relayed to Doney; Babcock discussed and reviewed the relevant guideline provisions with Doney. Doney ultimately informed Babcock that he wished to enter guilty pleas. (*Id.*)

Doney entered his guilty pleas to Counts 1 and 2 before Magistrate Judge Cavan on April 20, 2023. The Government agreed to dismiss Count 3 upon acceptance of Doney's guilty pleas to the other two counts. Notably, in the Offer of Proof, the Government acknowledged that it was unclear whether Doney would qualify for armed career criminal status and it would no longer be seeking the enhanced penalty. (Doc. 24 at 3.) The Offer of Proof also noted that resolution without a plea agreement is the most favorable resolution to Doney because it allowed him to retain his appellate rights. (*Id.* at 2.)

As a preliminary matter, it appears that Babcock performed quite proficiently in identifying and ensuring that the Government elected not to pursue

treatment of Doney as an armed career criminal. This prevented the potential imposition of a mandatory 15-year sentence. Accordingly, there is no indication that Babcock's performance "fell below an objective standard of reasonableness," see, *Strickland*, 466 U.S., to the contrary Babcock effectively limited Doney's sentencing exposure.

Babcock acknowledges that he does not recall if he specifically addressed the potential for an enhancement under USSG § 2K2.1(b)(6)(B) with Doney, but that it would fall within his standard practice to do so. *See e.g.*, (Doc. 58 at 5.) Similarly, Babcock notes that he cannot say with certainty that USSG § 2K2.1(b)(6)(B)'s provisions were mentioned by Judge Cavan at the change of plea hearing, but that Judge Cavan "always states that [the district court judge] decides the advisory guidelines at the time of sentencing and that the guidelines may be higher than what [Babcock's] estimate was." (*Id.* at 4.)

Following the change of plea hearing, Doney was consulted numerous times regarding the draft PSR. Babcock notes that the USSG § 2K2.1(b)(6)(B) enhancement included in the PSR was discussed and Doney was advised it would be objected to. (*Id.*) Babcock lodged an objection to the PSR, *see* (Doc. 44 at 23), as well as including the same grounds for objection in his sentencing memorandum. (Doc. 38 at 2-4.) Thus, the record reveals that Doney's contention that the enhancement was a "surprise" at sentencing is simply not credible.

Similarly, Babcock renewed his objection to the sentencing enhancement during Doney's sentencing hearing. *See*, Sent. Trans. (Doc. 48 at 7-8.) The essence of Babcock's argument was that while Doney was charged state-side with an additional offense in connection with his possession of the stolen gun in the instant matter, the gun was not used in connection with any of the other then-pending felony state charges. (*Id.* at 8: 2-8, 12-18.) In response, the Government argued that the enhancement should apply because the totality of the evidence indicated that the drugs found on Doney's person and in his trailer at the time of arrest were indicative of drug trafficking, but that even simple felony drug possession was sufficient for the enhancement to apply so long as it was determined that the firearm had the potential to facilitate the additional felony. (*Id.* at 8-9.)

Doney's objection to the enhancement was overruled and he was provided the rationale during the sentencing hearing. Essentially, the Undersigned determined that Doney engaged in conduct in conjunction with the gun possession that constituted another felony offense. (*Id.* at 9-10.) It was explained to Doney that it mattered not that a criminal charge was actually brought or a conviction was obtained:

> So, regardless of the fact that these charges are still pending in state court or even if [Doney] had never been charged, I can consider whether or not there is another felony offense.

(*Id.* at 10:3-6.) It was determined that Doney's possession of the firearm could have facilitated a drug trafficking offense, given the drug evidence that was recovered. 18 fentanyl pills and $1,333 were found on Doney. In the camper, where the stolen Ruger pistol was recovered, there were also 42 rounds of .22 ammunition that fit the stolen pistol, 59 rounds of .45 caliber ammunition, and 20 rounds .40 caliber ammunition. Additional items recovered included body armor, three holsters, a gun box, and 3 additional fentanyl pills. The recovery of these items and their location within the trailer, indicated that Doney was protecting something, either himself or his drugs, against a threat. (*Id.* at 10-11.) It was further noted that even if Doney was simply protecting his personal use stash, that would be sufficient to warrant imposition of the § 2K2.1(b)(6)(B) enhancement. (*Id.* at 11-12.)

Doney has not identified any error, much less a serious error, committed by Babcock that would have undermined the sentencing process. Babcock repeatedly objected to and challenged the application of the sentencing enhancement to Doney's case. The fact that Babcock's arguments were not ultimately successful, does not equate to deficient performance. A review of the record demonstrates that Babcock's performance fell "within the wide range of reasonable professional assistance." *Strickland,* at 689. Thus, Doney cannot meet his burden under the first *Strickland* prong.

But even if this Court were to find that Babcock performed deficiently under *Strickland's* first prong, Doney has not shown the attendant prejudice. The second prong of the *Strickland* test requires a showing of actual prejudice related to counsel's performance. In order to establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

As set forth above, Doney avoided an armed career criminal designation and, consequently, a 15-year mandatory minimum sentence. Despite the lack of a written agreement, in consideration of his guilty pleas to Counts 1 and 2, the Government agreed to dismiss Count 3. Moreover, Doney received a low-end guidelines sentence of 130 months, which was 18 months less than that requested by the Government. *See*, (Doc. 58 at 5); *see also*, (Doc. 48 at 13, 15, 24-5.) Doney retained his appellate rights and pursued a direct appeal.

In short, Doney's mere speculation regarding the application of the § 2K2.1(b)(6)(B) enhancement or belief that he is entitled to a more lenient sentence does not suffice to undermine the case against him or establish *Strickland* prejudice. *See e.g., Clark v. Lewis*, 1 F. 3d 814, 823 (9th Cir. 1993). Because Doney fails to show that counsel performed deficiently or that he was prejudiced under *Strickland*, his IAC claim is denied.

To the extent that Doney attempts to present a stand-alone claim regarding the "hidden enhancement" of § 2K2.1(b)(6)(B), the claim remains procedurally defaulted and Doney's response to the show cause order does not provide adequate cause or prejudice to excuse the default. *See e.g.*, *United States v. Frady*, 456 U.S. 152, 167–68 (1982). The default matters not, however, because the claim also lacks merit. *See, Franklin v. Johnson*, 290 F. 3d 1223, 1232 (9th Cir. 2002)("[C]ourts are empowered to, and in some cases should, reach the merits of habeas petitions if they are…clearly not meritorious despite an asserted procedural bar."); *see also, Lambrix v. Singletary*, 520 U.S. 518, 523 (1997)(holding that a court reviewing a habeas claim, in the interest of judicial economy, may bypass an asserted procedural bar to consider the claim on the merits).

Doney suggests that this Court erred in imposing the enhancement because the state drug charges he received in conjunction with the federal gun possession "were dropped as a result of the federal conviction." (Doc. 61 at 2.) Doney cites no authority in support of his position. As set forth above, the basis for imposing the enhancement was explained to Doney in detail during his sentencing hearing. Moreover, the Guidelines make it clear that finding "another felony offense" for purposes of § 2K2.1(b)(6)(B) does not require a criminal charge be brought or a conviction obtained. *See, United States v. Bare*, 806 F. 3d 1011, 1016 (9th Cir. 2015).

As a result of the circumstances related to his federal charges, Doney was charged in state court with: two counts of felony Possession with Intent to Distribute, Unlawful Possession of a Firearm by a Convicted Person, and Felony Theft. *See*, PSR (Doc. 44 at 14-15.) The state matters were pending at the time of Doney's federal sentencing. Doney received notice of the § 2K2.1(b)(6)(B) sentencing enhancement via the PSR. His knowledge of the same is reflected in both Babcock's objection to the PSR and the sentencing memorandum filed on Doney's behalf. Doney has not shown that the enhancement was unlawfully imposed or that his constitutional rights were violated during his sentencing hearing. This claim will also be denied.

**Certificate of Appealability**

A movant may appeal a district court's dismissal of a § 2255 motion only after obtaining a certificate of appealability from the district court or the circuit court. 28 U.S.C. § 2253( c)(1)(B). "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253( c)(2). This standard is satisfied if "jurists of reason could disagree with the district court's resolution of the constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)(*citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Under this standard, the Court concludes that Doney is not entitled to a certificate of appealability. No reasonable jurist would find debatable Doney's failure to demonstrate entitlement to relief on the claims presented in his § 2255 Motion.

Accordingly, IT IS ORDERED:

1. Doney's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 53) is DENIED.

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Doney files a Notice of Appeal.

3. The clerk shall ensure that all pending motions in this case and in CV 25-67-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Doney.

DATED this 28th day of August, 2026.

Susan P. Watters
Susan P. Watters
United States District Court Judge